IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH HALIROU ISSA, | § § | |
| *Plaintiff,* | § § | SA-23-CV-01029-OLG |
| vs. | § § | |
| BOEING COMMERCIAL AIRCRAFTS COMPANY, VOLT INFORMATION SCIENCE, INC., | § § § § | |
| *Defendants.* | § § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but order Plaintiff to file a more definite statement before ordering service of his Complaint on Defendants.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant Plaintiff's Motion to Proceed IFP.

Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).  The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint names two Defendants—Boeing Commercial Aircrafts Company and Volt Information Science, Inc.  Plaintiff alleges disability and age discrimination under the Americans with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA").  Such claims can only be brought against a plaintiff's employer.  If Plaintiff contends he is the employee of both companies, he has not explained the basis of that contention.

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] 28 U.S.C. § 1915(e) does not mandate frivolousness review before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

Plaintiff claims he was denied medical care after he fell on a hard concrete floor at work while moving aircraft parts. He requested a medical form to report an emergency, as well as a medical referral, but alleges the requests were denied. Plaintiff claims he ultimately experienced temporary paralysis from the fall and received a spinal decompression surgery.

To plead a claim of disability discrimination under the ADA, Plaintiff must allege (1) he has a qualified disability; (2) he was denied benefits or otherwise discriminated against; and (3) the discrimination was because of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). To plead a claim of age discrimination under the ADEA, Plaintiff must allege factual allegations establishing that (1) he is within the protected class (i.e., over 40 years of age); (2) he was qualified for the position; (3) he suffered an adverse employment decision; and (4) he was treated less favorably than a similarly situated younger employee. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). Both age and disability discrimination claims must be administratively exhausted by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEEOC") before a lawsuit can be filed. *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021); *Castro v. Tex. Dep't of Criminal Justice*, 541 Fed. Appx. 374, 379 (5th Cir. 2013).

Plaintiff has not included facts that could support all the required elements of his claims under the ADA and ADEA in his Complaint. It is unclear from his Complaint whether he is alleging that he was discriminated on account of his age or disability or whether he believes his employer was simply uncooperative in assisting him in pursuing remedies for his workplace injury. Workplace injuries like the one described by Plaintiff in his Complaint are usually handled through the workers' compensation system, if his employer is a subscriber. Federal courts do not have jurisdiction over workers' compensation claims or claims of retaliation for

3

attempting to pursue workers' compensation rights.  Even if Plaintiff is able to plead claims of discrimination under the ADA or ADEA, Plaintiff has also not provided the Court with any information about whether he has exhausted his administrative remedies.  The Court will therefore order Plaintiff to file a more definite statement to address these pleading deficiencies before allowing service of Plaintiff's Complaint on Defendants.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **September 18, 2023**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should address the following issues and questions:

- **Employment relationship**: Discrimination claims under the ADA and ADEA can only be asserted against an employer.  You have sued both Boeing Commercial Aircrafts Company and Volt Information Science, Inc.  If you claim that you were employed by both companies, explain your basis for that claim.

- **Disability Discrimination:** What is your alleged disability?  How do you believe that you were discriminated against on account of your disability?  How were non-disabled individuals treated differently than you were?

- **Age Discrimination:**  How old are you?  How do you believe that you were discriminated against on account of your age?  How were younger employees treated differently than you were?

- **Exhaustion of Administrative Remedies:** Please provide the Court with a copy of any administrative complaint (charge of discrimination) filed with the EEOC or TWC and any right-to-sue letter received. If you do not have a copy of these documents, please include factual details regarding when you filed any administrative complaint, the allegations included in the complaint, the outcome of the complaint, and whether and when you received a right to sue letter.

Plaintiff shall include the following declaration at the end of his more definite statement:

---

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _____ day of _____2023.

_____
Signature of Plaintiff

---

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 28th day of August, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE