IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH HALIROU ISSA, | § | |
| *Plaintiff,* | § § § | SA-23-CV-01029-OLG |
| vs. | § § | |
| BOEING COMMERCIAL AIRCRAFTS COMPANY, VOLT INFORMATION SCIENCE, INC., | § § § § | |
| *Defendants.* | § § | |

**ORDER**

This Order concerns the above-styled cause of action, which was referred to the undersigned for an order on Plaintiff's motion to proceed *in forma pauperis* and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the undersigned will order service of Plaintiffs' Complaint on Defendants.

**I.  Background and Analysis**

Plaintiff Joseph Halirou Issa, proceeding *pro se*, filed this case against Defendants Boeing Commercial Aircrafts Company ("Boeing") and Volt Information Science, Inc. ("Volt"), alleging disability discrimination under the Americans with Disabilities Act ("ADA") and age discrimination under the Age Discrimination in Employment Act ("ADEA"). (Compl. [#4], at 1–2.) The undersigned granted Plaintiff's motion to proceed *in forma pauperis* on August 28, 2023, but ordered Plaintiff to file a More Definite Statement to assist the Court in its review of the pleadings pursuant to 28 U.S.C. § 1915(e). (Order [#3].) Plaintiff timely filed the More Definite Statement as ordered. (More Definite Statement [#5].)

1

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1]  *See* 28 U.S.C. § 1915(e)(2)(B).  The undersigned has reviewed Plaintiff's pleadings and finds that Plaintiff has stated a plausible claim under the ADEA.  The undersigned will therefore order Plaintiff's Complaint served.

Plaintiff's More Definite Statement clarifies that he is only seeking relief pursuant to the ADEA, not the ADA.  (More Definite Statement [#5], at 1.)  To plead a claim of age discrimination under the ADEA, Plaintiff must allege factual allegations establishing that (1) he is within the protected class (i.e., over 40 years of age); (2) he was qualified for the position; (3) he suffered an adverse employment decision; and (4) he was treated less favorably than a similarly situated younger employee.  *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).  Claims of age discrimination must be administratively exhausted by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEEOC") before a lawsuit can be filed.  *Castro v. Tex. Dep't of Criminal Justice*, 541 Fed. Appx. 374, 379–80 (5th Cir. 2013).  Plaintiff's Complaint and More Definite Statement, read in combination, present a plausible claim of age discrimination.

Plaintiff's pleadings allege that Plaintiff fell on a hard concrete floor when he was moving aircraft parts on February 24, 2023, while at work for Volt as a contract worker for Boeing.  (More Definite Statement [#5], at 2.)  Plaintiff claims he reported the injury to his immediate supervisor at Boeing the same day he was injured, but Volt claimed to have no

---

[1] 28 U.S.C. § 1915(e) does not mandate frivolousness review before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

knowledge of the injury until May 31, 2023.  (*Id.*)  Plaintiff claims he requested an injury note for a referral to a doctor, but his Boeing supervisor told him that there is "nothing like that" for contract workers.  (*Id.*)  Plaintiff asserts that he again requested a note referring him to a doctor from his Boeing supervisor the following week because the pain had spread to other parts of his body, and the supervisor again refused to provide a referral to a doctor.  (*Id.*)  Plaintiff claims he ultimately experienced temporary paralysis from the fall and received a spinal decompression surgery.  (Compl. [#4], at 3–4.)  Plaintiff alleges he is currently 58 years old.  (More Definite Statement [#5], at 2.)  According to Plaintiff's More Definite Statement, when he was much younger and working for Boeing as a contract worker, his supervisor immediately provided a referral to a doctor when he was injured.  (*Id.* at 3.)  Plaintiff asserts to the Court that he has filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged age discrimination.  (*Id.*)

The Fifth Circuit recently expanded the definition of what constitutes an adverse employment action for purposes of a claim of discrimination under Title VII of the Civil Rights Act of 1964.  *Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023).  To adequately plead an adverse employment action under Title VII, a plaintiff no longer needs to allege discrimination with respect to an "ultimate employment decision," but rather need only show discrimination with respect to the "terms, conditions, or privileges of employment," as this is the language used in the statute.  *Id.* at 506.  In *Hamilton*, the Fifth Circuit found the plaintiff had alleged a plausible claim of sex discrimination with respect to the terms, conditions, or privileges of employment, when a complaint alleged that male officers but not female officers were permitted to receive full weekends off of work.  *Id.* at 503.  The Fifth Circuit subsequently applied this new standard to conclude that a Black female educator's allegations of race and sex discrimination

were sufficient to state a plausible claim under Title VII, where the educator alleged that the school refused to pay for her to attend a training program for prospective superintendents, where the school paid for similarly situated white males to attend.  *Harrison v. Brookhaven Sch. Dist.*, No. 21-60771, 2023 WL 6158232, at *3–5 (5th Cir. Sept. 21, 2023).

The ADEA also makes it unlawful to discriminate based on age, "with respect to compensation, terms, conditions, or privileges of employment."  29 U.S.C. § 623(a)(1). Historically, the Fifth Circuit has interpreted the adverse employment action requirement of the ADEA and Title VII analogously.  *See Eng. v. Perdue*, 777 Fed. App'x 94, 99 (5th Cir. 2019) (applying Title VII definition of adverse employment action to ADEA claim).  Given the Fifth Circuit's much more expansive reading of Title VII's anti-discrimination provision, the undersigned finds Plaintiff has presented a plausible adverse employment action—the refusal of his employer to provide him with a referral to a medical provider to address a workplace injury.

Plaintiff has also alleged he was treated differently from a younger employee, as he alleges he was given a referral to a doctor when he was a much younger employee in 2012 for a workplace injury.  Finally, Plaintiff has also alleged that he filed a Charge of Discrimination with the EEOC as to his age discrimination claim prior to filing suit.  Under the ADEA, a plaintiff need not receive a right-to-sue letter prior to seeking judicial review.  *Julian v. City of Houston, Tex.*, 314 F.3d 721, 726 (5th Cir. 2002).  A plaintiff must only file suit at least 60 days after his filing of the Charge of Discrimination, even if the investigation is still pending in the EEOC.  29 U.S.C. § 626(d).

**IT IS THEREFORE ORDERED** that that the United States Marshals Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail,

return receipt requested at the addresses provided on the proposed summons submitted by Plaintiff [#1-3].

**IT IS SO ORDERED.**

SIGNED this 29th day of September, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE